BOYLE *et al. v.* GRANT, Mayor, *et al.*

(*Supreme Court, General Term, First Department.* December 31, 1890.)

CITY CONTRACTS—ESTIMATES—PARTIES INTERESTED.

An ordinance of the city of New York, founded on section 64 of the consolidation act, provides that all estimates for contracts for doing work or furnishing supplies for the city of New York shall state whether the party making such estimate is the only person interested therein; and that, if any other person have any interest in said estimate or contract, the same shall be stated therein. An estimate made by the United States Illuminating Company for lighting certain of the streets of the city of New York literally complied with the above requirement, in stating that no such interest existed in any party other than itself. It appeared, however, upon the hearing that an agreement existed between said company and the Safety Electric Light & Power Company, whereby the latter corporation had agreed to pay the interest on the bonded indebtedness of the former, and a certain percentage of dividend on its stock, in return for which the former was to pay over to the latter company all of its earnings over and above the expenses of the business, the interest on its bonds, and the amount of its general indebtedness. *Held,* that the ordinance referred to above was designed to compel the disclosure on the part of bidders of such relations with other parties as those shown to exist between the United States Illuminating Company and the Safety Electric Light & Power Company, but there being nothing to show that such statement was made to deceive or mis-

lead the city authorities, who were aware of the relations between said companies before said bid was accepted, no sufficient ground appeared for any judicial interference with the action of the city authorities in entering into the proposed contract.

Appeal from special term, New York county.

Suit by Charles Boyle and Peter Butterly, tax-payers, against Hugh J. Grant, as mayor of the city of New York, Theodore W. Myers, as comptroller of the city of New York, and Thomas F. Gilroy, as commissioner of public works of the city of New York, to restrain the execution of an electric light contract, under chapter 531 of the Laws of 1881, as amended by chapter 673 of the Laws of 1887. Appeal by plaintiffs from an order denying a motion for the injunction. The opinion of the court below is as follows:

"INGRAHAM, J. This action is brought under the provisions of chapter 531, Laws 1881, and to entitle plaintiffs to maintain the action they must show that the defendants, as officers or commissioners acting on behalf of the city, are about to do an illegal official act, or are about to commit some waste or injury to property or funds of the city. Plaintiffs have failed to show that the awarding of the contract by the defendants for the electric lighting of the streets named is illegal, or that the granting of such contract will be an injury to the property of the city. It is not claimed but that the bid of the United States Illuminating Company was the lowest bid for lighting the streets named, but the plaintiffs appear to base their claim for an injunction upon the ground that the bid did not comply with an ordinance of the city of New York, which required that the bid should state the names of all persons interested in the contract awarded. The evidence, however, fails to show that any other person or corporation had any interest in the proposed contract. The fact that the corporation making the bid has an agreement with another corporation whereby such other corporation agrees to pay interest on its bonded indebtedness, and a dividend on its stock, and to receive in consideration therefor the net earnings of the company over and above the expenses of the business, the interest on the bonds, and the guarantied dividends, does not place such other corporations or individuals in the position of having an interest in the contract any more than the stockholders of the corporation would have such an interest if the net profits of the business were to be paid to them. It is the corporation that is to execute the contract and perform the service, and to the United States Illuminating Company is to be paid the money for such service. As to what the corporation will do with the money if it receives it is entirely immaterial either to the city, or the plaintiffs, as tax-payers. The contract proposed will amply protect the city, and the services to be performed under the contract being at a less price than has heretofore been paid for the same service, and less than the other bidders, it is evidently for the interest of the city and the plaintiffs, as tax-payers, that the contract should be awarded to such corporation, rather than to the other corporations or individuals demanding a greater price. There is no evidence but that the bid was made in perfect good faith, and the fact that it is the lowest bid tends to show that no one else could be found to do the work on as advantageous terms to the city as this corporation. The other objections to the act of the defendants taken by plaintiffs are untenable. Whether or not the illuminating company has the right to erect its poles in the street to carry out its contract cannot be taken advantage of by the plaintiffs. The fact that the company has no such right does not show that the act of the defendants in awarding the contract to it is illegal. It undertakes to do the work for which the city is to pay, and proposes to furnish the necessary bonds as security for the performance of the contract. The burden is upon the corporation to obtain the necessary right to enable it to perform its contract. The objections taken by plaintiffs are all extremely technical. None of them would interfere at all with the validity of the contract to be made in pursuance of the bid or the obligations of the sureties to the con-

tract when executed. There is no reason to suppose that in any way the corporation could procure a person to perform the service required at a less price than that bid by the lowest bidder. The discretion is vested in the defendants as to whether or not they will accept the bid of the United States Illuminating Company, and I see no reason to doubt that that discretion will be properly exercised, and the city be amply protected by the defendants. Motion for injunction must therefore be denied, and temporary injunction vacated, with costs."

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.
*Andrew Blake,* for appellants. *William H. Clark,* for respondents.

BARTLETT, J. This action was instituted by the plaintiffs as tax-payers to prevent what they alleged to be an illegal official act on the part of the defendants in executing a contract with the United States Illuminating Company for the lighting of certain streets in the city of New York. The reasons which were given by the learned judge at chambers for denying the application for an injunction are so fully stated and so satisfactory in all respects but one that it is only necessary to discuss the single point in which we differ from his view of the law applicable to the case, and this difference does not affect the correctness of the result which he reached. Section 64 of the New York city consolidation act of 1882 provides that contracts for supplies for the municipal corporation, in cases involving the expenditure of more than $1,000, shall be made under such regulations as shall be established by ordinance of the common council. A corporation ordinance prescribes that all estimates for contracts for doing work or furnishing supplies for the city of New York shall state, among other things, whether the party, person, or corporation making said estimate is the only person interested therein; and that if any other person or corporation have any interest in said estimate, or the contract proposed to be taken thereby, the same shall be so stated. In the estimate or bid of the United States Illuminating Company it was stated that such bidder was the only person or corporation interested therein, and that no other person or corporation had any interest in the estimate or in the contract proposed to be taken. The estimate, therefore, literally complied with the requirement of the ordinance. But the plaintiffs allege that the statement was untrue, and showed upon the hearing that an agreement existed between the United States Illuminating Company and the Safety Electric Light & Power Company, whereby the latter corporation had agreed to pay the interest on the bonded indebtedness of the former and a certain percentage of dividend on its stock, in return for which the United States Illuminating Company was to pay over to the Safety Electric Light & Power Company all its earnings over and above the expenses of the business, the interest on its bonds, and the amount of its guarantied dividends. The court below held that this arrangement did not make the Safety Electric Light & Power Company interested in the bid of the United States Illuminating Company in the contract sought thereunder, "any more than the stockholders of the corporation would have such an interest if the net profits of the business were to be paid to them." We are not prepared to accept this view. On the contrary, we are strongly inclined to the opinion that the ordinance under consideration was designed to compel the disclosure on the part of the bidders of just such relations with other parties as those which were shown to exist in this case between the United States Illuminating Company and the Safety Electric Light & Power Company. But there is nothing to show that the statement in the bid to the effect that no one else was interested in the estimate or contract was made with any intent to deceive or mislead the city authorities. They became fully aware of the exact interest, if it was an interest, of the Safety Electric Light & Power Company in the contract before the bid was accepted. There is not the slightest basis shown in the papers which were before the court for any supposition that the

proposed contract was not in all respects beneficial to the city, or that the defendants, in accepting the bid, had not acted in the best interests of the taxpayers; and hence the mere fact that a statement in the bid might be regarded as untrue upon a particular construction of a city ordinance—while under another interpretation it was entirely true—furnished no sufficient ground for any judicial interference with the action of the defendants in entering into the proposed contract. The order below was right, and should be affirmed, with costs and disbursements. All concur.