WARNOCK & ZAHRNDT, INC., Plaintiff, *v.* CHARLES F. WRAY and Others, Constituting the Board of Education of the City of Rochester, and Others, Defendants.

HENRY WARNOCK, Plaintiff, *v.* CHARLES F. WRAY and Others, Constituting the Board of Education of the City of Rochester, and Others, Defendants.

Supreme Court, Monroe County, May 14, 1928.

**Schools — contracts — validity of bid for work on school building — bid not informal under Education Law, § 875, subd. 8.**

The contention by the petitioners is that a bid for certain work in the erection of a school building is informal under subdivision 8 of section 875 of the Education Law and that, therefore, it should have been rejected by the board of education of the city of Rochester.

The bid in question was not informal in that it reserved an option on makes of fans, since it appears that the proposal permitted the bidder to submit bids on two specified makes of fans and any " other approved " make.

The bid is not conditional in that the bidder seeks some advantage not given to other bidders, for all the bidders had the same option as the one who made the bid in question.

The failure to bid on two alternates is not material, since the board of education has abandoned those alternates.

An objection to the form of the bid on one alternate is without merit for the form thereof fairly construed indicates that no change in the bid would result from the selection of that alternate.

MOTION for a mandamus order in the first action, and for a temporary injunction in the second action.

*MacFarlane & Harris*, for the motion.

*Clarence M. Platt* [*Charles B. Forsyth* of counsel], for the board of education of the city of Rochester.

*Clarence W. McKay* and *Carlton F. Bown*, for the defendant Bareham & McFarland, Inc.

RODENBECK, J.   The only claim made by the petitioner, Warnock & Zahrndt, Inc., and the plaintiff, Henry Warnock, is that the bid of Bareham & McFarland, Inc., is informal and should be rejected and that the contract should be awarded to Warnock & Zahrndt, Inc.   There is no claim that all of the bids should be rejected and a new bidding directed.   There is only a difference of $357 between the two bids involved, on a contract aggregating about $265,000.

There is no such informality as would require the rejection of the Bareham & McFarland bid.   The board is required to let the

contract to the " lowest responsible bidder furnishing the security as required." (Education Law, § 875, subd. 8, as added by Laws of 1917, chap. 786.) There is no question of financial responsibility and the alleged informalities in the bid of Bareham & McFarland are not material, or such as to require the rejection of the bid by the board.

The proposal for bids permitted the bidder to submit proposals on two specified makes of fans, and any " other approved " make. The Warnock & Zahrndt Company evidently bid on the Sturtevant fan since it specified that company as a subcontractor and manufacturer. The Bareham & McFarland Company bid on both of the specified fans and on one not specified which was subject to the approval of the board. The alleged informality consists in naming the Sturtevant Company, American Blower Company and the Clarage Company as the subcontractors and manufacturers of the fans, with the option to the bidder of selecting the company. This option was given by the proposal and no prejudice to the city can arise if the American Blower fan is named in the contract, as it is proposed to do. If it was proposed to let the contract for the Clarage fans a different question might be presented, as this make of fans is claimed to be cheaper than those specifically mentioned. The city under the bid and proposed contract will get exactly what it required and there can be no claim that there was no competition on the fans specified. The Bareham & McFarland Company must install one of the makes of fans specified in the proposal, all of which are placed upon the same footing, and the reservation of the make of fans until the execution of the contract is not a material variance. All that they proposed was to put in one of the fans specified by the board and the board is not required to reject the bid on that ground. This is not a conditional bid in which the bidder seeks some advantage not accorded the other bidders, since all the bidders had the option of choosing between the makes of fans including " other approved " fans, subject to the approval of the board with respect to the latter. In future proposals on public work perhaps the board should require the bidder to specify in his bid the make selected, but, even then, under the form of proposal, the board would not be permitted to discriminate on account of the selection made, where the choice by the bidders does not agree.

The failure to bid on alternates 4 and 5 is not material since the board has abandoned these alternates as inadvisable or impracticable. The bid of the Bareham & McFarland Company would be informal if the board desired to adopt one of these alternates, but that is not the case. No disadvantage to the city or other

bidders can arise from the omission to bid on these alternates. There was competition on the alternates selected and thus the interests of the city have been protected.

The objection to the form of the bid on alternate 3 is without force. The form of the bid, fairly construed, indicates that no change in the bid would result from the selection of this alternate. The petitioner, the Warnock & Zahrndt Company, is not in a good position to urge any objection to the award to the Bareham & McFarland Company, since its own bid is defective in failing to specify the name of the school upon which the work is to be done. This is a defect which the Warnock & Zahrndt Company might very well urge if its bid was unreasonably low.

The school is not being constructed for the benefit of contractors, but for the benefit of the city and the specifications and rules of the board and the bids of contractors must be construed accordingly. It is the interest of the city that is the determining factor, provided the statutory provisions relating to the letting of contracts have been observed. Every irregularity or informality is not a basis for throwing out a bid at the suggestion of an unsuccessful bidder, provided the principle of honest competition and fair dealing in the interest of the city has been observed. (*Gage* v. *City of New York*, 110 App. Div. 403, 410.) Any irregularities or informalities which do not go to the essence of the principle of competitive bidding may be disregarded by the city, provided such a course is in the interests of the city and is taken in good faith. (*McCord* v. *Lauterbach*, 91 App. Div. 315; *Boyle* v. *Grant*, 12 N. Y. Supp. 801.) The interests of the city are the paramount consideration and the personnel of the bidders should be entirely subordinated thereto. The specifications should be drawn, so far as practicable, to eliminate the possibility of manipulations in favor of a particular bidder. Where this course is manifest to the extent of violating the principle of fair competition, the courts will interfere to see that the spirit of the statute is carried out and the city given the benefit of honest competition.

The irregularities complained of, however, do not violate the principle of competition which the statute requires, and the award seems to be in the interest of the city, not only as to the amount of difference between the bids, which is slight, but with respect to the time of the completion of the work and expense of temporary operation of plant.

The motion for a mandamus and for a temporary injunction are denied, with ten dollars costs.